IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COUNTRYWIDE HOME LOANS MORTGAGE CORP., for the benefit of Mount Washington Cooperative Bank as Appropriate<br><br>Plaintiff<br><br>vs<br><br>HECTOR CARLOS NOBOA-MARTINEZ<br><br>Defendant | CIVIL 05-1468CCC |

## DEFAULT JUDGMENT

Upon plaintiff's Motion for Judgment (**docket entry 5**), and it appearing from the records of the above-entitled cause that default was entered by the Clerk of Court against defendant for failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1) The mortgage constituted by defendant through deed number 76, before Notary Public Myrtelena Díaz-Pedrosa, at Guaynabo, Puerto Rico, on August 22, 2002 securing a mortgage note payable to theorder of Pan American Financial, Inc., further negotiated or endorsed to the order of plaintiff Countrywide Home Loans Mortgage Corp., is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> "URBANA: Solar marcado con el número Cincuenta (50) del bloque "AJ" del plano de inscripción de la Urbanización Rexville, situada en el barrio Pájaros de la Municipalidad de Bayamón, Puerto Rico, con una cabida superficial de 301.68 metros cuadrados. En lindes: por el NORTE, en 12.570 milímetros, con los Solares #14 y #13; por el Sur, en 12.570 milímetros, con la calle #31; por el ESTE, en 24.00 metros, con el Solar #51; y por el OESTE, en 24.00 metros, con el Solar #49. Enclava edificación.

CIVIL 05-1468CCC                                            2

    Inscrita al folio 236 del Tomo 886 de Bayamón. Registro de la Propiedad de Puerto Rico, sección primer de Bayamón, Finca 39,642."

    2) Defendant as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ORDERED AND ADJUDGED to pay unto plaintiff the sum of $139,636.30 of principal of the said mortgage note, plus interest at the rate of 7.5% per year, which at the date of June 30, 2005 amounts to the sum of $6,907.04, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees in the amount of $14,287.10, in the above cause, plus all expenses and advances made by plaintiff.

    3) In default of the payment of the sums herein before specified or of any part thereof, within the next ten (10) days from the date of entry of this Judgment, the mortgaged property described in paragraph one hereof, will be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

    4) The United States Marshal for this District is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master will not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

    5) The sale to be made by the United States Marshal appointed herein will be subject to the confirmation of this Court, and the purchaser or purchasers thereof will be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $142,871.00.

    6) Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court will be applied as follows:

    a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the United States Marhsal appointed herein, after said compensation and expenses have been fixed and approved by this Court, all said expenses to be

CIVIL 05-1468CCC                                  3

deducted from the sum of $14,287.10, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

b) To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $14,287.10.

c) To the payment of that part of the indebtedness owed to plaintiff up to the amount of $139,636.30 of principal of the said mortgage note, plus interest at the rate of 7.5% per year, which as of June 30, 2005 amounts to the sum of $6,907.04, to its total and complete payment, plus costs, charges, disbursements and attorney's fees in the amount of $14,287.10, in the above cause, plus all expenses and advances made by the plaintiff.

d) If after making all the above payments there is a surplus, said surplus will be delivered to the Clerk of Court, subject to further orders of this Court.

7. Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this Judgment.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on July 19, 2005.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge